## Case No. 13,608.

### The SUMNER.

[1 Brown, Adm. 52.] [1]

District Court, D. Michigan. Feb., 1859.

SALVAGE—DUTY OF SALVORS—FORFEITURE—EMBEZZLEMENT.

1. In stripping an abandoned vessel of her apparel and furniture, salvors are bound to the exercise of reasonable care, and gross neglect or wanton injury of the property saved works a forfeiture of all claim for salvage, and renders them liable for the damage.

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

2. It is the duty of salvors to land the property saved at the nearest port of safety, and see that it is properly cared for.

3. Where salvors stripped a vessel, having her name and port painted on her stern, and carried the property saved directly past her home port: *Held*, they were guilty of embezzlement, and forfeited their right to compensation.

Libel for the possession of two anchors and chains, a set of sails, and running rigging, being part of the outfit and apparel of the schooner Charles Sumner. Answer by the officers and crew of the schooner Norway, that on a voyage from Buffalo to Milwaukee they discovered the Sumner upon Lake Erie, about 25 miles from Pte au Pelée, in distress, on her beam ends, and apparently deserted. On boarding her, they found her loaded with staves, but capsized and full of water. They made fast to the wreck, and by means of hawsers from the mast-heads, made fast to those of the wreck, righted her, and endeavored to pump her free of water, and to lighten her by raising her chains, and removing same, with her anchors on board the Norway; but, failing in this, stripped her of her tackle, apparel, and furniture, put them upon the Norway, and carried them to Newport, upon St. Clair river, where they were seized by the marshal. That immediately thereafter they filed a libel for salvage against the property, and they now claim they are entitled to a reasonable salvage thereon. Libellants thereupon filed an amendment to their libel, under rule 52, in the nature of a replication, setting forth that the officers and crew of the Norway had embezzled the property, and were endeavoring to carry it out of the district, when it was seized by libellants' instructions. That they were also guilty of gross negligence in removing the property from the vessel, and in the subsequent care of it, permitting it to be stolen and wantonly injured. The Charles Sumner left Detroit upon a voyage down Lake Erie; off Roudeau she commenced leaking, and, notwithstanding the exertions of the crew, filled with water and capsized. The crew thereupon took to their boats, came ashore, and went to Detroit for a tug, which was obtained and sent to her assistance. Her name and home port, "Detroit," were painted upon the stern of the Sumner. On reaching the wreck it was found stripped of everything movable; her rigging had been cut in some seventy places, her canvas torn, and her blocks split and otherwise damaged. There had been fine weather for several days before. The schooner could have been towed easier with her sails and rigging than without them, and there seemed to be no necessity for stripping her. The Norway had been seen a day or two before working at the wreck, but she made no signal for assistance; and, after lying by her from three in the afternoon until four the next morning, left her. When the tug found her she was easily bailed out, and towed to a port of safety. The Norway had passed by

Detroit with the property on board, and was seized on the way to Lake Huron. The rigging of the Sumner was found so badly cut and abused as to be nearly worthless, except for junk.

Alfred Russell, for libellants.

Ashley Pond, for salvors.

WILKINS, District Judge. I am satisfied from the proofs, and especially from the testimony of Wm. McKay and James McBride, master of the Sumner, that the officers and crew of the Norway are not entitled to salvage, under all the circumstances exhibited. The Sumner was not derelict. Her master and crew left her for the purpose of obtaining a tug, animo revertendi. The crew of the Norway, without rendering any assistance, unnecessarily destroyed and injured the furniture and rigging of the Sumner, left her exposed to thieves and marauders, and used no efforts to place her in a safe position. Their conduct showed a disposition to plunder rather than to save. The Norway was on her way to Chicago, and yet, knowing from the name and port painted upon the stern that she belonged to Detroit, surreptitiously passed that port with the valuable apparel and furniture of the Sumner on board. Her duty even if the name of the vessel relieved was unknown, was to stop at the first port of safety, and see that the property she had on board was properly cared for. By not doing so her master and crew showed clearly an intention to embezzle the property saved, and thereby forfeited all claim to salvage. The property described in the libel will, therefore, be delivered to the libellants, who are also awarded damages in the sum of $200, with costs. Decree for libellants.

NOTE. That misconduct of salvors forfeits their claim, see The Mulhouse [Case No. 9,-910]; Nickerson v. The John Perkins [Id. 10,-252]; The Island City, 1 Black [66 U. S.] 121; The Boston [Case No. 1,673]; Mason v. The Blaireau, 2 Cranch [6 U. S.] 240; Flinn v. The Leander [Case No. 4,870]; James v. The Sarah A. Boice [Id. 7,183].